# EXHIBIT B

# ARBITRATION AGREEMENT

This agreement to arbitrate is entered into this 21st day of ~~August~~ Sept., 2016, by and between Stanton View Development, LLC, Capital Development Design, Inc. ("CDDI") and FES Group, LLC ("FES") (all together "the Parties").

1. Scope of Arbitration

The Parties agreed to submit to binding arbitration a dispute concerning a modular retaining wall located at 1262 Talbert Street, S.E., Washington, D.C. The scope of the arbitration services is set forth in the proposal of GeoDesign & Engineering, Inc. ("GDE") dated August 5, 2016, a copy of which is attached hereto. The Parties agree to jointly sign the GDE proposal to initiate the arbitration process.

2. Binding Arbitration under Maryland Uniform Arbitration Act

The Parties agree that the arbitrator's decision shall be final and binding and subject to the Maryland Uniform Arbitration Act, Md. Code Ann., Cts. & Jud. Proc. § 3-201 *et seq.* (the "Act"). The Parties understand that the Act provides limited grounds for requests to modify, correct or vacate. By consenting to arbitration the Parties agree to waive litigation and any other form of dispute resolution.

3. Arbitrator's Fee

GDE's fee of $6,360.00 shall be split equally (1/3) between the Parties. Upon signing GDE's proposal, the Parties agree to each submit the sum of $1,060 toward the required deposit. The balance of the fee will be paid equally (1/3) by the Parties before the final report is issued in accordance with GDE's proposal.

4. Reimbursement of Arbitrator's Fee to Prevailing Party

In its final report, GDE is expected to assign responsibility for the retaining wall failure to one or more parties. Any party that is not held responsible shall have its payment for GDE's fees reimbursed by the party (or parties) held responsible. If GDE finds two parties responsible in equal portions, such parties will reimburse the prevailing party its fee payment one-half each. If GDE finds two parties responsible in unequal portions, such parties will reimburse the prevailing party its fee payment in such proportion as assigned. If GDE finds all the Parties responsible to some degree, then no reimbursement is required.

5. Payment With Respect to FES and Stanton View's Relationship

If GDE determines that FES was not responsible for the retaining wall failure, Stanton View shall pay the contract balance due to FES in the principal sum of $30,297.50 within fifteen (15) days of receipt of GDE's final report. If GDE determines that FES was partly responsible or fully responsible for the retaining wall failure, any damages assessed as being FES' responsibility shall first be deducted from the contract balance of $30,297.50. Any net balance

to be paid to FES or Stanton View shall be paid within fifteen (15) days of receipt of GDE's final report. Any payment obligation may be enforced, along with GDE's decision, under the Act.

6.  Payments With Respect to CDDI and Stanton View's Relationship

If GDE determines that CDDI was not responsible for the retaining wall failure, Stanton View shall pay the contract balance due to CDDI in the principal sum of $32,452.00 within fifteen (15) days of receipt of GDE's final report. If GDE determines that CDDI was partly responsible or fully responsible for the retaining wall failure, any damages assessed as being CDDI's responsibility shall first be deducted from the contract balance of $32,452.00. Any net balance to be paid to CDDI or Stanton View shall be paid within fifteen (15) days of receipt of GDE's final report. Any payment obligation may be enforced, along with GDE's decision, under the Act.

**STANTON VIEW DEVELOPMENT, LLC**


By: Donte Lee
Its: Manager

**CAPITAL DEVELOPMENT DESIGN, INC.**

_[signature]_  9-21-2016

By: Marwan F. Mustafa, PE
Its:

**FES GROUP, LLC**


By: Raja El-Awar, PE
Its: Manager

2