# EXHIBIT C

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### (CIVIL DIVISION)

RIVEREAST AT ANACOSTIA, LLC,
    1054 31st Street, Suite 290
    Washington, D.C. 20007

    and

STANTON VIEW DEVELOPMENT, LLC,
    3119 Martin Luther King, Jr. Ave., SE
    2nd Floor
    Washington, D.C. 20032

      Plaintiffs,

    v.                                        Case No. **2020 CA 004070 B**

SGA COMPANIES, INC.,
**Serve:** SGA Companies, Inc.
    7508 Wisconsin Avenue, 4th Floor
    Bethesda, Maryland 20814

MADDOX ENGINEERS AND
SURVEYORS, INC.,
**Serve:** LSBA, Inc.
    c/o Miles & Stockbridge P.C.
    100 Light Street
    Baltimore, MD 21202

SKARDA AND ASSOCIATES, INC.,
**Serve:** Registered Agent Solutions, Inc.
    1100 H Street, NW, Suite 840
    Washington, D.C. 20005

CAPITOL DEVELOPMENT DESIGN, INC.,
**Serve:** James Watkins, Registered Agent
    1002 Shepherd St., NE
    Washington, D.C. 20017

FES GROUP, LLC,
**Serve:** Corporation Service Company
    1090 Vermont Ave., NW
    Washington, D.C. 20005

and

M&F CONCRETE, INC.,
**Serve:** Marcos Silva, Registered Agent
        12082 Serenity Pl.
        Nokesville, VA 20181

                Defendants.

## COMPLAINT

RiverEast at Anacostia, LLC and Stanton View Development, LLC (collectively,

"Plaintiffs") bring this action against SGA Companies, Inc.; Maddox Engineers and Surveyors,

Inc.; Skarda and Associates, Inc.; Capitol Development Design, Inc.; FES Group, LLC; and

M&F Concrete, Inc. (collectively, "Defendants"), and in support thereof, state as follows:

## PARTIES

1.      RiverEast at Anacostia, LLC ("RiverEast") is a limited liability company organized in the

District of Columbia, and registered as a domestic company in Washington D.C., with its

principal place of business located at 1054 31st Street, Suite 290, Washington D.C. 20007.

2.      Stanton View Development, LLC ("Stanton View") is a limited liability company

organized in the state of Maryland and registered as a foreign company in Washington D.C., with

its principal place of business located at 3119 Martin Luther King Jr. SE, Washington, D.C. 20032.

3.      Upon information and belief, SGA Companies, Inc. ("SGA") was a corporation

organized in the State of Maryland and formerly registered as a foreign corporation in

Washington D.C., with its principal place of business located at 7508 Wisconsin Avenue, 4th

Floor, Bethesda, Maryland 20814.

4.      Upon information and belief, Maddox Engineers and Surveyors, Inc. ("Maddox") is a

corporation organized in the State of Maryland, with its principal place of business located at 100

Park Avenue, Rockville, Maryland 20850.

1

5.     Upon information and belief, Skarda and Associates, Inc. ("Skarda") is a corporation
organized in the State of Maryland and registered as a foreign corporation in Washington D.C.,
with its principal place of business located at 2439 North Charles Street, Baltimore, Maryland
21218.

6.     Upon information and belief, Capitol Development Design, Inc. ("CDDI") is a
corporation organized in the state of Maryland and registered as a foreign corporation in
Washington D.C., with its principal place of business located at 4600 Powder Mill Rd., Suite
200, Beltsville, Maryland 20705.

7.     Upon information and belief, M&F Concrete, Inc. ("M&F") is a corporation organized in
the Commonwealth of Virginia with its principal place of business located at 9515 Contractor's
Court, Suite 100, Manassas, Virginia 20109.

8.     Upon information and belief, FES Group, LLC ("FES") is a limited liability company,
organized in the State of Maryland and previously registered as a foreign company in
Washington D.C., with its principal place of business located at 8296 Sherwick Court, Jessup,
Maryland 20794.

## JURISDICTION

9.     The Court has jurisdiction over the subject matter of this case as a civil dispute pursuant
to D.C. Code § 11-921(a)(6) and under common law. The Court has personal jurisdiction over
Defendants pursuant to D.C. Code § 13-423(2) and § 13-423(3) because Defendants have
contracted to supply services in the District of Columbia and/or caused tortious injury in the
District of Columbia by an act or omission in the District of Columbia.

2

## VENUE

10.     Venue is proper in the District of Columbia because this action relates to the Defendants'
activities within the District of Columbia and the subject property underlying this dispute is
located in the District of Columbia.

## STATEMENT OF FACTS

11.     This case concerns the construction of a condominium (the "Project") located at 1262
Talbert Street, SE, Washington, D.C. 20020 (the "Property").

12.     In 2014, RiverEast, the declarant of the condominium, entered into a contract with
Stanton View, a general contractor, for the construction of the Project.

13.     Stanton View entered into a contract with SGA ("SGA Contract") to provide architectural
services, including the preparation of drawings, plans, specifications, and other design
documents for the Project.

14.     Maddox was hired to perform surveying services, pursuant to which Maddox produced
construction grade sheets and drawings for the Project.

15.     Skarda was hired to provide structural consulting, pursuant to which Skarda produced
drawings and guidance for the Project.

16.     Stanton View entered into a contract with CDDI ("CDDI Contract") to provide a Final
Geotechnical Engineering Study for the Project ("Geotechnical Study"). CDDI's scope of work
included visiting and observing the site conditions, staking out and drilling soil test borings,
analyzing groundwater levels, lab testing samples, and providing a final report with
recommendations regarding the further work on the Project.

17.     CDDI's Geotechnical Study was to include a summary of field and lab investigation
results, subsurface conditions, foundation bearing capacity, recommendations for the design of

the site geogrid reinforced retaining walls, and recommendations for pavement support and earthwork.

18.    Stanton View entered into a contract with FES ("FES Contract") for the construction of retaining walls at the Project, only one of which is at issue in this suit – the top modular retaining wall ("Third Wall").

19.    Stanton View entered into a Construction Agreement with M&F ("M&F Contract"), which contained the general terms and conditions pursuant to which M&F would furnish concrete-related work on the Project.

20.    After the condominium that was the subject of the Project was constructed and the units sold, one of the unit owners made claims against Stanton View, alleging structural problems with her unit.

21.    Stanton View investigated and, initially, the issue appeared to be normal settlement cracks. However, when the cracks worsened, Stanton View performed further investigation.

22.    Based upon Stanton View's investigations, several problems were discovered, including inadequate foundation design, detailing, and construction, all of which, individually and collectively, have resulted in substantial cracking and separation in a number of the units at the Project.

23.    As a result of these issues, unit owners have made claims directly to RiverEast, Stanton View, and to the Office of the Attorney General of the District of Columbia.

24.    The bond placed with the District of Columbia to serve as collateral for the structural warranty required by law has been put in jeopardy by direct claims from unit the owners.

4

25.     As a result thereof, RiverEast and Stanton View have claims alleging that the work of the
Defendants was faulty, negligent, not in accordance with the plans and specifications for the
Project, and not in accordance with industry standards.

26.     SGA failed to, without limitation, properly design plans, drawings, and/or specifications
for the Project and failed to ensure that the contractors' work on the Project was in conformance
with the existing plans, drawings, and/or specifications.

27.     Maddox misapprehended the construction design documents and, without limitation,
failed to provide accurate surveying data.

28.     Skarda misapprehended the construction design documents and, without limitation, failed
to provide accurate drawings and guidance for the Third Wall.

29.     CDDI failed to properly conduct soil, water, and subsurface investigation; analyze the
results of the same; and supervise the soil compaction process under the CDDI Contract. This
includes, without limitation, properly testing the soils for their suitability as fill material and not
testing that the soils were properly compacted, all of which allowed for structures to be
constructed on improperly compacted soils.

30.     FES failed to construct the Third Wall in a good and workmanlike manner. This includes,
without limitation, failing to ensure that work on the Project was performed in conformity with
the plans and specifications and in conformity with law.

31.     M&F failed to perform concrete pouring, analysis, and supervision work in a good and
workmanlike manner. This includes, but is not limited to, failing to pour footers properly and
leaving sections of the foundation and exterior and interior walls without proper support.

32.     Defendants are responsible for damages caused to Plaintiffs as a result of probable
defects in the Third Wall that have been caused by the negligent performance of their work.

33.     Plaintiffs are entitled to damages suffered as a result of Defendants' abrogation of duties and negligent acts and omissions.

## CLAIMS FOR RELIEF

### COUNT I
### *(BREACH OF CONTRACT/INDEMNIFICATION AGAINST SGA COMPANIES, INC.)*

34.     Plaintiffs incorporate by reference and re-allege the allegations contained in all of the previous paragraphs of this Complaint as if set forth herein.

35.     As described above, Stanton View entered into a valid enforceable contract (the SGA Contract) with SGA to provide architectural design services for the Project.

36.     SGA's duties under the SGA Contract included preparation and provision of a site plan, drawings, plans, and specifications and ensuring that contractors' submittals conformed with the information given and design concept expressed in the Contract Documents. SGA Contract, § 3.1, § 3.2.5, § 3.3.1, § 3.4.1, and § 3.6.4.2.

37.     Under the terms of the SGA Contract, SGA was to "perform its services consistent with the professional skill and care ordinarily provided by architects practicing in the same or similar locality under the same or similar circumstances." SGA Contract, § 2.2.

38.     Under the terms of the contract, "the Architect shall be responsible for the Architect's negligent acts or omissions." SGA Contract, § 3.6.1.2.

39.     SGA breached its duties under the SGA Contract by, without limitation, providing faulty site plans, drawings, plans, and or specifications for the Project, failing to ensure that contractors' submittals conformed with the Project designs, and failing to perform its services on the Project in accordance with the established standard of care.

40.     SGA must indemnify Plaintiffs for the damages caused by its negligent acts and omissions in performance of its duties on the Project.

6

41.    SGA's breaches of its contract with Stanton View have caused Plaintiffs to suffer

damages in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00).

42.    Consequently, SGA is indebted to Plaintiffs in an amount of no less than Two Million

and Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

## COUNT II
### (NEGLIGENCE AGAINST SGA COMPANIES, INC.)

43.    Plaintiffs incorporate by reference and re-allege the allegations contained in all of the

previous paragraphs of this Complaint as if set forth herein.

44.    SGA owed Plaintiffs, at a minimum, a duty of reasonable care when performing its work

on the Project, particularly as it relates to the health and safety of the unit owners of the

condominium buildings, which duty is controlled by codes and regulations enacted to ensure the

maintenance of safety standards on construction projects.

45.    SGA breached its duty of care by, without limitation, providing faulty plans, drawings,

and specifications for the Project; failing to ensure the contractors' conformance with such

documents; and failing to perform its services consistent with the professional skill and care

ordinarily provided by architects practicing in the same or similar locality under the same or

similar circumstances.

46.    SGA's breach of duty was the proximate cause of the damages sustained by Plaintiffs in

responding to the claims made by the condominium unit owners and in resolving the alleged

structural problems at the Project.

47.    SGA's breaches and negligent acts and omissions resulted in physical damage to elements

of the Project that SGA did not perform work on or provide, such as, without limitation,

insufficient concrete foundation walls and cracks in the interior drywall, which damage

interfered with the work of other trades.

48.     SGA's breaches and failure to address and remediate the alleged problems with the Third

Wall have caused Plaintiffs to suffer damages in an amount of no less than Two Million and

Zero/100 Dollars ($2,000,000.00).

49.     As a result, SGA is indebted to Plaintiffs in an amount of no less than Two Million and

Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

## COUNT III
### (NEGLIGENCE AGAINST MADDOX ENGINEERS AND SURVEYORS, INC.)

50.     Plaintiffs incorporate by reference and re-allege the allegations contained in all of the

previous paragraphs of this Complaint as if set forth herein.

51.     Maddox owed Plaintiffs, at a minimum, a duty of reasonable care when performing its

work on the Project, particularly as it relates to the health and safety of the unit owners of the

condominium buildings, which duty is controlled by codes and regulations enacted to ensure the

maintenance of safety standards on construction projects.

52.     Maddox breached its duties by, without limitation, misapprehending the Project design

documents and providing faulty surveying data that led to the structural problems encountered on

the Project and interference with the work performed by other trades.

53.     Maddox's breach of duty was the proximate cause of the damages sustained by Plaintiffs

in responding to the claims made by the condominium unit owners and in resolving the structural

problems at the Project.

54.     Maddox's breaches and failure to address and remediate its negligent acts and omissions

resulted in physical damage to elements of the Project that Maddox did not perform work on or

provide, such as, without limitation, insufficient concrete foundation walls and cracks in the

interior drywall.

8

55. Maddox's breaches and failure to address and remediate the problems on the Project have caused Plaintiffs to suffer damages in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00).

56. As a result, Maddox is indebted to Plaintiffs in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

## COUNT IV
### (INDEMNIFICATION AGAINST MADDOX ENGINEERS AND SURVEYORS, INC.)

57. As described above, Maddox was hired to provide surveying and engineering services for the Project.

58. Maddox's duties on the Project included, without limitation, assessment and analysis of the Project site and preparation of construction grade sheets for the Third Wall.

59. Maddox breached its duties by providing inaccurate and faulty surveying data that led to the structural problems encountered on the Project and interfered with the work of other trades.

60. To prevent injustice, Maddox is obligated to indemnify Plaintiffs for its own negligent acts and omissions in performing its work on the Project.

61. Plaintiffs are blameless for Maddox's negligent acts and omissions and the damages that resulted in the course of performance of its services on the Project.

62. Maddox's negligent acts or omissions in the performance of its work on the Project have caused Plaintiffs to suffer damages in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00).

63. Consequently, Maddox is indebted to Plaintiffs in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

## COUNT V
### (NEGLIGENCE AGAINST SKARDA AND ASSOCIATES, INC.)

9

64.     Plaintiffs incorporate by reference and re-allege the allegations contained in all of the previous paragraphs of this Complaint as if set forth herein.

65.     Skarda owed Plaintiffs, at a minimum, a duty of reasonable care when performing its work on the Project, particularly as it relates to the health and safety of the unit owners of the condominium buildings, which duty is controlled by codes and regulations enacted to ensure the maintenance of safety standards on construction projects.

66.     Skarda breached its duties by, without limitation, misapprehending the Project design documents and providing faulty drawings that led to structural problems encountered on the Project and interfered with the work of other trades.

67.     Skarda's breach of duty was the proximate cause of the damages sustained by Plaintiffs in responding to the claims made by the condominium unit owners and in resolving the structural problems at the Project.

68.     Skarda's breaches and failure to address and remediate its negligent acts and omissions resulted in physical damage to elements of the Project that Skarda did not perform work on or provide, such as, without limitation, insufficient concrete foundation walls and cracks in the interior drywall.

69.     Skarda's breaches and failure to address and remediate the problems on the Project have caused Plaintiffs to suffer damages in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00).

70.     As a result, Skarda is indebted to Plaintiffs in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

## COUNT VI
### *(INDEMNIFICATION AGAINST SKARDA AND ASSOCIATES, INC.)*

71.    Plaintiffs incorporate by reference and re-allege the allegations contained in all of the previous paragraphs of this Complaint as if set forth herein.

72.    As described above, Skarda was hired to provide engineering services for the Project.

73.    Skarda's duties for the Project included, but were not limited to, assessment and analysis of the Project site and preparation of construction drawings for the Third Wall.

74.    Skarda breached its duties by providing inaccurate and faulty drawings and other data that led to the structural problems encountered on the Project and interfered with the work of other trades.

75.    To prevent injustice, Skarda is obligated to indemnify Plaintiffs for its own negligent acts and omissions in performing its work on the Project.

76.    Plaintiffs are blameless for Skarda's negligent acts and omissions and the damages that resulted in the course of performance of its services on the Project.

77.    Skarda's negligent acts or omissions in the performance of its work on the Project have caused Plaintiffs to suffer damages in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00).

78.    Consequently, Skarda is indebted to Plaintiffs in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

## COUNT VII
### *(BREACH OF CONTRACT/INDEMNIFICATION AGAINST CAPITOL DEVELOPMENT DESIGN, INC.)*

79.    Plaintiffs incorporate by reference and re-allege the allegations contained in all of the previous paragraphs of this Complaint as if set forth herein.

80.    As described above, CDDI entered into a valid enforceable contract (the CDDI Contract) with Stanton View to provide geotechnical services for the Project and to issue a Geotechnical Study.

81.    Under the terms of the CDDI Contract, CDDI was to perform site investigation and subsurface soil and water testing and analysis. CDDI Contract, pg. 1. This included, without limitation, testing the soils being used as fill soil and testing whether the fill soil was compacted properly.

82.    Under the terms of the CDDI Contract, "[g]eotechnical investigation and construction inspection will be performed in general accordance with the proposal or specification for this project." CDDI Contract, Ex. A, Sec. 5.

83.    CDDI breached its duties under the CDDI Contract by failing to perform competent investigation and analysis on the Project. This includes, without limitation, failing to properly analyze the fill soils for their suitability and failing to properly perform compaction testing to ensure that the soil was properly compacted in preparation for construction.

84.    CDDI must indemnify Plaintiffs for the damages caused by its negligent acts and omissions in performance of its duties on the Project.

85.    CDDI's breaches of its contract with Stanton View have caused Plaintiffs to suffer damages in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00).

86.    As a result, CDDI is indebted to Plaintiffs in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

## COUNT VIII
### (NEGLIGENCE AGAINST CAPITOL DEVELOPMENT DESIGN, INC.)

87.    Plaintiffs incorporate by reference and re-allege the allegations contained in all of the previous paragraphs of this Complaint as if set forth herein.

88. CDDI owed Plaintiffs, at a minimum, a duty of reasonable care when performing its work on the Project, particularly as it relates to the health and safety of the unit owners of the condominium buildings, which duty is controlled by codes and regulations enacted to ensure the maintenance of safety standards on construction projects.

89. CDDI breached this duty by, without limitation, providing less than competent supervision, testing, and analysis and in doing so, endangering the structural foundation of the residences on the Property.

90. CDDI's breach of duty was the proximate cause of the damages sustained by Plaintiffs in responding to the claims made by the condominium unit owners and in resolving the alleged structural problems at the Project.

91. CDDI's breaches and failure to address and remediate its negligent acts and omissions resulted in physical damage to elements of the Project that CDDI did not provide or perform work on or provide, such as, without limitation, insufficient concrete foundation walls and cracks in the interior drywall.

92. CDDI's breaches and failure to address or remediate the alleged problems with the Third Wall have caused Plaintiffs to suffer damages in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00).

93. As a result, CDDI is indebted to Plaintiffs in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

## COUNT IX
### *(BREACH OF CONTRACT/INDEMNIFICATION AGAINST FES GROUP, LLC)*

94. Plaintiffs incorporate by reference and re-allege the allegations contained in all of the previous paragraphs of this Complaint as if set forth herein.

95.     As described above, Stanton View entered into a valid enforceable contract (the FES
Contract) with FES for the provision of services for the Project.

96.     Under the terms of the FES Contract, FES agreed to perform work on the Project "in a
good and workmanlike manner," "in accordance with plans, specification, drawings, and
schedule for the Work," and "in strict accordance with all applicable federal, state, county and
local codes and regulations, OSHA and State safety regulations, and this Agreement." FES
Contract, Secs. 1(a-b); *see also* Sec. 12.

97.     FES agreed that "[a]ll Work is to be representative of the best of the trade" and that
"failure to notify Builder of problem areas prior to commencement of Work indicates acceptance
and responsibility for the installation." FES Contract, Sec. 1(b)(VI); Sec. 1(b)(XIV).

98.     FES was to be responsible for "inspecting each Site," reading "all Contract Documents
and all construction plans, specification, drawings and schedules," and "comparing the Site with
the plans and specifications." FES Contract, Sec. 9.

99.     FES was also "responsible for confirming that the specifications for the Work are
correct." FES Contract, Sec. 10.

100.    Under the terms of the FES Contract, FES agreed to indemnify Stanton View as follows:

> Contractor hereby agrees to defend, indemnify, and save harmless Builder and its
> officers, directors, shareholders and employees against any and all loss, damages,
> liability, claims, demands or costs resulting from injury or harm to persons or property
> (including, without limitation, Contractor's employees or property) arising out of or in
> any way connected with Contractor's performance hereof (excepting only such injury or
> harm as may have been caused solely by the fault or negligence of Builder or its
> employees), or resulting or arising from any lien, claim or proceeding by or relating to
> Contractor or any of its subcontractors, suppliers or any person or organization directly
> employed by any of them to perform or furnish any of the Work...[ ].

> FES Contract, Sec. 21; *see also* Sec. 17.

101.    FES further agreed that:

14

**Contractor hereby agrees to indemnify, defend and hold the Builder and its Subsidiaries and/or Affiliate(s) harmless from any and all claims, demands, lawsuits, costs, judgments, losses and liabilities, including reasonable attorney's fees incurred by the Builder and/or its Affiliate, that in any way relate or pertain to breach of this Agreement or negligence in performance of the work and duties required in this section of the Agreement or by law whether or not it is contended that that Builder and/or Affiliate contributed thereto in whole or in part...[ [.**

FES Contract, Sec. 13 (emphasis in original).

102.   FES breached these duties by, without limitation, failing to perform its work in a good and workmanlike manner; failing to perform in accordance with the contract documents; failing to compare the work performed with the plans, drawings, and specifications; negligently constructing the Third Wall; and failing to indemnify Stanton View.

103.   FES's breaches of its contract with Stanton View, and its failure to address or remediate the alleged problems with the Third Wall have caused Plaintiffs to suffer damages in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00),

104.   Accordingly, FES is indebted to Plaintiffs in an amount of no less Two Million and Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

## COUNT X
### (NEGLIGENCE AGAINST FES GROUP, LLC)

105.   Plaintiffs incorporate by reference and re-allege the allegations contained in all of the previous paragraphs of this Complaint as if set forth herein.

106.   FES owed Plaintiffs, at a minimum, a duty of reasonable care when performing its work on the Project, particularly as it relates to the health and safety of the unit owners of the condominium buildings, which duty is controlled by codes and regulations enacted to ensure the maintenance of safety standards on construction projects.

107.    FES breached this duty by, without limitation, performing less than competent work in constructing the Third Wall on the Project and, in doing so, endangering the structural foundation of the residences on the Property.

108.    FES's breach of duty was the proximate cause of the damages sustained by the Plaintiffs in responding to the claims made by the unit owners and in resolving the alleged structural problems associated with the Third Wall.

109.    FES's breaches and failure to address and remediate its negligent acts and omissions resulted in physical damage to elements of the Project that FES did not perform work on or provide, such as, without limitation, insufficient concrete foundation walls and cracks in the interior drywall.

110.    FES's breaches and failure to address or remediate the alleged problems with the Third Wall have caused Plaintiffs to suffer damages in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00).

111.    As a result, FES is indebted to Plaintiffs in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

## COUNT XI
### *(BREACH OF CONTRACT/INDEMNIFICATION AGAINST M&F CONCRETE)*

112.    Plaintiffs incorporate by reference and re-allege the allegations contained in all of the previous paragraphs of this Complaint as if set forth herein.

113.    As described above, M&F entered into a valid enforceable contract (the M&F Contract) with Stanton View to provide labor and materials for, and to perform, concrete work on the Project.

114.    Under the terms of the M&F Contract, M&F was to perform all work on the Project "under the direction, and to the satisfaction, of Builder [Stanton View] in accordance with plans,

16

specification, drawings, and schedules for the Work, and any supplemental terms and conditions

to this Agreement" M&F Contract, Sec. 1(A).

115.    All work on the Project was to be "representative of the best of the Trade and shall

include, but not be limited to, the signed Bid Sheets, Scopes of Work and Contract Documents.

Failure to notify Builder of problem areas prior to commencement of Work indicates acceptance

and responsibility for the installation." M&F Contract, Sec. 1(B)(VI).

116.    Under the terms of the M&F Contract, M&F was to indemnify Stanton View as follows:

> Contractor hereby agrees to defend, indemnify and save harmless Builder and its officers,
> directors, shareholders, and employees against any and all loss, damage, liability, claims,
> demands or costs resulting from injury or harm to persons or property (including, without
> limitation, Contractor's employees or property) arising out of or in any way connected
> with Contractor's performance hereof, (excepting only such injury or harm as may have
> been caused solely by the fault or negligence of Builder or its employees), or resulting or
> arising from any lien, claim or proceeding by or relating to Contractor or any of its
> subcontractors, suppliers or any person or organization directly employed by any of them
> to perform or furnish any of the work….[ ].

> M&F Contract, Sec. 21.

117.    M&F breached the M&F Contract by, without limitation, failing to perform competent

work on the Project in accordance with the standards identified above.

118.    M&F was notified of the problems regarding its work and has refused to accept

responsibility or to assist in a remediation of the same.

119.    M&F breached the M&F Contract by failing to indemnify Stanton View pursuant to the

terms of Section 21.

120.    M&F's breaches of its contract with Stanton View, and its failure to address or remediate

the alleged problems at the Project have caused Plaintiffs to suffer damages in an amount of no

less than Two Million and Zero/100 Dollars ($2,000,000.00).

121.    As a result, M&F is indebted to Plaintiffs in an amount of no less than Two Million and

Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

**COUNT XII**
***(NEGLIGENCE AGAINST M&F CONCRETE)***

122.    Plaintiffs incorporate by reference and re-allege the allegations contained in all of the

previous paragraphs of this Complaint as if set forth herein.

123.    M&F owed Plaintiffs, at a minimum, a duty of reasonable care when performing its work

on the Project, particularly as it relates to the health and safety of the unit owners of the

condominium buildings, which duty is controlled by codes and regulations enacted to ensure the

maintenance of safety standards on construction projects.

124.    M&F breached this duty by, without limitation, providing less than competent

supervision, labor, and materials for the concrete work on the Project and endangering the

structural foundation of the residences on the Property.

125.    M&F's breach of duty was the proximate cause of the damages sustained by the Plaintiffs

in responding to the claims made against it by the unit owners and in resolving the alleged

structural problems associated with the Project.

126.    M&F's breaches and failure to address and remediate its negligent acts and omissions

resulted in physical damage to elements of the Project that M&F did not perform work on or

provide, such as, without limitation, cracks in the interior drywall.

127.    M&F's breaches and failure to address or remediate the alleged problems with the Third

Wall have caused Plaintiffs to suffer damages in an amount of no less than Two Million and

Zero/100 Dollars ($2,000,000.00).

128.    As a result, M&F is indebted to Plaintiffs in an amount of no less than Two Million and

Zero/100 Dollars ($2,000,000.00), with the specific amount of damages to be proved at trial.

18

## PRAYER FOR RELIEF

Accordingly, Defendants are indebted to Plaintiffs and Plaintiffs respectfully request that this Court:

a.      enter judgment against Defendants, jointly and severally, for damages in an amount of no less than Two Million and Zero/100 Dollars ($2,000,000.00), plus interest from the date of judgment pursuant to D.C. Code § 15-109, plus attorney's fees and court costs, as may be applicable under contract or common law; and

b.      order such other relief as this Court determines to be just and proper.

Dated: September 21, 2020                    Respectfully Submitted,

                                             **Stanton View Development, LLC**
                                             **RiverEast at Anacostia, LLC**

                                             By Counsel,
                                             ASMAR, SCHOR & MCKENNA, PLLC

                                             _____/s/_____
                                             Jordan M. Samuel (D.C. Bar No. 413067)
                                             Christopher A. Taggi (D.C. Bar No. 473065)
                                             5335 Wisconsin Avenue, N.W., Ste. 400
                                             Washington, DC 20015
                                             Tel: (202) 244-4264
                                             Fax: (202) 686-3567
                                             Email: JSamuel@asm-law.com
                                             Email: CTaggi@asm-law.com

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

RiverEast at Anacostia, LLC and Stanton View Development, LLC    Case Number: __**2020 CA 004070 B**__

vs                                              Date: 09/11/2020

SGA Companies, Inc., et al.            ☐ One of the defendants is being sued
                                         in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Christopher A. Taggi | Relationship to Lawsuit |
| Firm Name:<br>Asmar, Schor, and McKenna, PLLC | ☑ Attorney for Plaintiff<br>☐ Self (Pro Se) |
| Telephone No.:          Six digit Unified Bar No.:<br>(202) 244-4264            473065 | ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury      ☐ 6 Person Jury      ☐ 12 Person Jury
Demand: $ 2,000,000.00                          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge:_____    Calendar #:_____

Case No.:_____    Judge:_____    Calendar#:_____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**                          **COLLECTION CASES**

☑ 01 Breach of Contract            ☐ 14 Under $25,000 Pltf. Grants Consent  ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty            ☐ 17 OVER $25,000 Pltf. Grants Consent  ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument         ☐ 27 Insurance/Subrogation              ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                 Over $25,000 Pltf. Grants Consent        Over $25,000 Consent Denied
☐ 13 Employment Discrimination     ☐ 07 Insurance/Subrogation              ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees            Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                                   ☐ 28 Motion to Confirm Arbitration
                                       Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile                ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion                ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy                    ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 11 Libel and Slander                          Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference                 ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution                 ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal                     ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile,          ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                             Not Malpractice)                       ☐ 23 Tobacco
                                                                              ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE      IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting

☐ 02 Att. Before Judgment

☐ 05 Ejectment

☐ 09 Special Writ/Warrants

    (DC Code § 11-941)

☐ 10  Traffic Adjudication

☐ 11 Writ of Replevin

☐ 12 Enforce Mechanics Lien

☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)

    (D.C. Code Title 1, Chapter 6)

☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,

    Vacate Arbitration Award (DC Code § 16-4401)

☐ 29 Merit Personnel Act (OHR)

☐ 31 Housing Code Regulations

☐ 32 Qui Tam

☐ 33 Whistleblower

**II.**

☐ 03 Change of Name

☐ 06 Foreign Judgment/Domestic

☐ 08 Foreign Judgment/International

☐ 13 Correction of Birth Certificate

☐ 14 Correction of Marriage

    Certificate

☐ 26 Petition for Civil Asset Forfeiture (Vehicle)

☐ 27 Petition for Civil Asset Forfeiture (Currency)

☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information

☐ 19 Enter Administrative Order as

    Judgment [ D.C. Code §

    2-1802.03 (h) or 32-151 9 (a)]

☐ 20 Master Meter (D.C. Code §

    42-3301, et seq.)

☐ 21 Petition for Subpoena

    [Rule 28-I (b)]

☐ 22 Release Mechanics Lien

☐ 23 Rule 27(a)(1)

    (Perpetuate Testimony)

☐ 24 Petition for Structured Settlement

☐ 25 Petition for Liquidation

**D.  REAL PROPERTY**

☐ 09 Real Property-Real Estate

☐ 12 Specific Performance

☐ 04 Condemnation (Eminent Domain)

☐ 10 Mortgage Foreclosure/Judicial Sale

☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title

☐ 25 Liens: Tax / Water Consent Granted

☐ 30 Liens: Tax / Water Consent Denied

☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ Christopher A. Taggi

Attorney's Signature

09/11/2020

Date

CV-496/ June 2015

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

RiverEast at Anacostia, LLC and Stanton View Development, LLC
_____
                                                              Plaintiff
                              vs.

                                                              Case Number __**2020 CA 004070 B**__

SGA Companies, Inc.
_____
                                                              Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC
_____
Name of Plaintiff's Attorney                                 *Clerk of the Court*

5335 Wisconsin Avenue, N.W., Ste. 400
_____
                                                              By _____
Address                                                                        Deputy Clerk
Washington, DC 20015

(202) 244- 4264
_____
                                                              Date     **09/22/2020**
Telephone

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시요.    714ൗ ൗ144ൗ A944ൗ (202) 879-4828 ഉഉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                              Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

RiverEast at Anacostia, LLC and Stanton View Development, LLC
_____ Demandante

contra

Número de Caso:   **2020 CA 004070 B**

SGA Companies, Inc.
_____ Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC
Nombre del abogado del Demandante

5335 Wisconsin Avenue, N.W., Ste. 400
Dirección
Washington, DC 20015

(202) 244- 4264
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
Subsecretario

Fecha   **09/22/2020**

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Dè co một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화해 주십시오      ያስተረጉም ከፈለጉ አማርኛት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

RiverEast at Anacostia, LLC and Stanton View Development, LLC
_____
                                                    Plaintiff
        vs.

                                                                    Case Number    **2020 CA 004070 B**

Maddox Engineers and Surveyors, Inc.
_____
                                                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC
_____        *Clerk of the Court*
Name of Plaintiff's Attorney

5335 Wisconsin Avenue, N.W., Ste. 400
_____        By _____
Address                                                                            Deputy Clerk
Washington, DC 20015

(202) 244- 4264
_____        Date    **09/22/2020**
Telephone
如需翻译, 请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오.        ትአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

 

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

RiverEast at Anacostia, LLC and Stanton View Development, LLC
_____ Demandante

contra

Número de Caso: **2020 CA 004070 B**

Maddox Engineers and Surveyors, Inc.
_____ Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC
Nombre del abogado del Demandante

5335 Wisconsin Avenue, N.W., Ste. 400
Dirección
Washington, DC 20015

(202) 244- 4264
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
Subsecretario

Fecha **09/22/2020**

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Dể co một bài dịch, hãy gọi (202) 879-4828
[Korean] (202) 879-4828 [Korean]     [Amharic] (202) 879-4828 [Amharic]

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

RiverEast at Anacostia, LLC and Stanton View Development, LLC
_____
Plaintiff

vs.

Case Number **2020 CA 004070 B**

Skarda and Associates, Inc.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC
_____
Name of Plaintiff's Attorney

5335 Wisconsin Avenue, N.W., Ste. 400
_____
Address
Washington, DC 20015

(202) 244- 4264
_____
Telephone

_Clerk of the Court_

By _____ Deputy Clerk

Date _____ **09/22/2020**

如需翻译, 请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오.        ያስተረጉም እንተደለየ ሰልኩ (202) 879-4828  ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]        Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

RiverEast at Anacostia, LLC and Stanton View Development, LLC
Demandante

contra

Número de Caso:  **2020 CA 004070 B**

Skarda and Associates, Inc.
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC
Nombre del abogado del Demandante

5335 Wisconsin Avenue, N.W., Ste. 400
Dirección
Washington, DC 20015

(202) 244- 4264
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
Subsecretario

Fecha  **09/22/2020**

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Dể co một bài dịch, hãy gọi (202) 879-4828

만일 번역을 원하시면 (202) 879-4828 로 전화하십시요          ይህንን ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés<br>See reverse side for English original

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

RiverEast at Anacostia, LLC and Stanton View Development, LLC
_____
                                                        Plaintiff

vs.

Case Number **2020 CA 004070 B**

## Capitol Development Design, Inc.
_____
                                                        Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC
_____
Name of Plaintiff's Attorney

5335 Wisconsin Avenue, N.W., Ste. 400
_____
Address
Washington, DC 20015

(202) 244- 4264
_____
Telephone

*Clerk of the Court*

By _____
                           Deputy Clerk

Date _____ **09/22/2020**

如需翻译, 请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오.       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

RiverEast at Anacostia, LLC and Stanton View Development, LLC
                                        Demandante

                        contra

                                                        Número de Caso:   **2020 CA 004070 B**

Capitol Development Design, Inc.

                                        Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC
Nombre del abogado del Demandante

5335 Wisconsin Avenue, N.W., Ste. 400
Dirección
Washington, DC 20015

(202) 244-4264
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
                    Subsecretario

Fecha  **09/22/2020**

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

ማስታወሻ ከፈለጉ ከ(202) 879-4828 ይደውሉ      번역을 원하시면 (202) 879-4828 로 연락하십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                        Super. Ct. Civ. R. 4

Superior Court of the District of Columbia
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

RiverEast at Anacostia, LLC and Stanton View Development, LLC

Plaintiff

vs.

Case Number __**2020 CA 004070 B**__

FES Group, LLC

Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC

*Clerk of the Court*

Name of Plaintiff's Attorney

5335 Wisconsin Avenue, N.W., Ste. 400

By _____

Address
Washington, DC 20015

Deputy Clerk

(202) 244- 4264

Date __**09/22/2020**__

Telephone

如需翻译, 请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시요.        ยาทครัว ลุกาษ คุ่ทุทราส (202) 879-4828  ยยมม

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

RiverEast at Anacostia, LLC and Stanton View Development, LLC

                                        Demandante

                    contra

                                                        Número de Caso:   **2020 CA 004070 B**

FES Group, LLC

                                        Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC
Nombre del abogado del Demandante

5335 Wisconsin Avenue, N.W., Ste. 400
Dirección
Washington, DC 20015

(202) 244-4264
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
                                  Subsecretario

Fecha   **09/22/2020**

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Dề co một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202)879-4828 로 연락하십시오          ያንናት ትርጉም አጋዥነት (202) 879-4828   ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

RiverEast at Anacostia, LLC and Stanton View Development, LLC

_____
Plaintiff

vs.

Case Number __**2020 CA 004070 B**__

M&F Concrete, Inc.

_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC
_____
Name of Plaintiff's Attorney

5335 Wisconsin Avenue, N.W., Ste. 400
_____
Address
Washington, DC 20015

(202) 244- 4264
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____**09/22/2020**_____

如需翻译, 请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오.     ትርጉም ከፈለጉ አድራሻዉ (202) 879-4828 ይደዉሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

RiverEast at Anacostia, LLC and Stanton View Development, LLC
                                        Demandante

                   contra

                                                           Número de Caso:   **2020 CA 004070 B**

M&F Concrete, Inc.

                                        Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Christopher A. Taggi/Asmar, Schor, McKenna, PLLC          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

5335 Wisconsin Avenue, N.W., Ste. 400                     Por: _____
Dirección                                                              Subsecretario
Washington, DC 20015

(202) 244-4264                                            Fecha   **09/22/2020**
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Dề co một bài dịch, hãy gọi (202) 879-4828

만일번역을원하시면 (202) 879-4828 로전화하십시오      ያስተረጉም ከፈለጉ አማርኛት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                         Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

RIVEREAST AT ANACOSTIA LLC et al
   Vs.                             C.A. No.    2020 CA 004070 B
SGA COMPANIES, INC. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                               Chief Judge Robert E. Morin

Case Assigned to: Judge JOSE M LOPEZ
Date:  September 22, 2020
Initial Conference: 9:30 am, Friday, January 08, 2021
Location:  Courtroom 212
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin