Case 1:23-cv-03009-CRC   Document 79-3 Ex. C   Filed 09/19/25   Page 1 of 10
Def.'s Mot. to Stay,
Case No. 1:23-cv-03009



Management Liability
Diamond Bar, CA
Mailing address:
P.O. Box 2989
Hartford, CT, 06104-2989

Marcia Warren
Senior Claim Executive
Bond & Specialty Insurance Claim
Phone: (909) 612-3677
Fax: (888) 460-6622
Email: MJWARREN@travelers.com

September 11, 2023

**VIA E-MAIL ONLY**

Marwan F. Mustafa
Capitol Development Design, Inc.
4600 Powder Mill Road, Suite 200
Beltsville, Maryland 20705

   Re: Named Insured: Capitol Development Design, Inc. and CDDI, LLC
      Claimant: LaDonna May, et al.
      Policy: 106720790
      Claim No. T2105212

Dear Mr. Mustafa,

On behalf of Travelers Casualty and Surety Company of America ("Travelers"), I am writing to supplement Travelers' March 31, 2021 and June 12, 2023 correspondence to you regarding insurance coverage, under the above-referenced Travelers insurance policy (the "Policy") for Capitol Development Design, Inc. and CDDI, LLC (collectively, "CDDI") in connection with the lawsuit currently pending in the Superior Court of the District of Columbia captioned *Ladonna May, et. al. v. Stanton View Dev. LLC, et. al.*, Case No. 2021-CA-000266 B (the "May Lawsuit"). As you know, I am now the Travelers claim representative responsible for handling this matter, so please direct all further correspondence regarding this matter to me.

Travelers continues to provide a defense to CDDI in the May Lawsuit subject to a complete reservation of Travelers' rights. In agreeing to provide a defense to the May Lawsuit, Travelers expressly reserves, and does not waive, the right to deny or otherwise limit coverage for the May Lawsuit for the reasons discussed in this letter and in prior correspondence, and for any other reasons based on the provisions of the Policy and/or applicable law.

**I.**  **THE PROCEEDINGS**

************************ Our toll-free number is 800-842-8496 *************************
If possible, please send future communications and documents concerning this claim via email to MJWARREN@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

TRV 000105

Marwan F. Mustafa
September 11, 2023
Page 2

Based on the information you have provided in response to Travelers' request for information, Travelers' evaluation of the matter indicates that the **Claim**[1] for which Travelers is providing a defense is comprised of three proceedings: (1) an arbitration in which CDDI was a party, along with Stanton View Development, LLC ("Stanton") and FES Group, LLC ("FES"), beginning in 2016; (2) the lawsuit captioned *Rivereast at Anacostia, LLC, et al. v. SGA Companies, Inc., et al.*, Case No 2020 CA 004070 B, filed in the Superior Court of the District of Columbia (the "Rivereast Lawsuit"); and the May Lawsuit. We reference below the allegations asserted in each of these proceedings. In referencing the allegations, Travelers does not assert or imply that the allegations are true. We reference them solely for the purpose of discussing insurance coverage for the **Claim**.

### A. The Arbitration

In 2015, CDDI entered into a contract with Stanton pursuant to which CDDI agreed to perform third party geotechnical construction inspection and material testing services for a condominium project known as Grandview II Estates in Washington, D.C. (the "Project"). In or before August 2016, a dispute developed between CDDI and others regarding the structural failure of a modular retaining wall constructed at the Project.

In September 2016, CDDI agreed with Stanton and FES Group, LLC ("FES") to submit to binding arbitration (the "Arbitration") the dispute concerning responsibility for the structural failure of the modular retaining wall. CDDI signed an Arbitration Agreement dated September 21, 2016 (the "Arbitration Agreement"). Pursuant to that agreement, CDDI agreed that the arbitrator, GeoDesign & Engineering, Inc. ("GDI"), would issue a decision in which GDE was expected to assign responsibility for the retaining wall failure to one or more parties. CDDI and the other parties also agreed that the arbitrator's decision would be final and binding, and they further agreed to waive litigation and any other form of dispute resolution.

Also pursuant to the Arbitration Agreement, CDDI agreed that if GDE determined that CDDI was partly or fully responsible for the retaining wall failure, any damage assessed as being CDDI's responsibility would first be deducted from amounts Stanton owed CDDI under CDDI's contract with Stanton for services on the Project. Although not specifically stated in the agreement, it appears that if damages exceeded the amount that Stanton owed CDDI on the Project, CDDI would be responsible to pay that amount.

GDE issued a GeoTechnical Evaluation Services Report dated May 1, 2017 (the "Arbitration Report") pursuant to which GDE assigned to CDDI 60% of the responsibility—the largest percentage of all parties—for the structural failure of the retaining wall at the Project. As a result of the arbitrator's findings and assignment of responsibility for the structural failure of the retaining wall, CDDI was requested to pay $3,600, representing its assigned share of the costs of repairs and remediation. Travelers understands that CDDI paid, and/or provided a credit to Stanton, in that amount.

---

[1] Terms appearing in bold font are defined in the Policy.

************************ Our toll-free number is 800-842-8496 **************************
If possible, please send future communications and documents concerning this claim via email to MJWARREN@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

Marwan F. Mustafa
September 11, 2023
Page 3

### B. The Rivereast Lawsuit

In February 2021, CDDI notified Travelers that CDDI was named as a defendant in the "Rivereast Lawsuit, which was filed on September 9, 2020. In that suit, plaintiffs Rivereast (the condominium declarant for the Project) and Stanton (collectively, the "Rivereast Claimants") alleged that unit owners of the Grandview II Estates condominium development made claims to Rivereast and Stanton regarding structural problems with their units.

In the Rivereast Lawsuit, the Rivereast Claimants further alleged that CDDI had contracted with Stanton to provide a geotechnical study for the Project and that CDDI's scope of work included visiting and observing the site conditions, staking out and drilling test borings, analyzing groundwater levels, lab testing samples, and providing a final report with recommendations regarding the further work on the Project. The Rivereast Claimants further alleged that CDDI failed to properly conduct soil, water, and subsurface investigation; analyze the results of the same; and supervise the soil compaction process, including, without limitation, properly testing the soils for their suitability as fill material and not testing that the soils were properly compacted, all of which allowed for structures to be constructed on improperly compacted soils. The Rivereast Claimants asserted claims against CDDI for breach of contract/indemnification and negligence.

Subject to a full reservation of rights, Travelers provided a defense to CDDI in the Rivereast Lawsuit, which was eventually dismissed in August 2022.

### C. The May Lawsuit

In December 2022, Ladonna May, Ade Adenariwo, Brittany Bennett, Theresa Brooks, Davina Callahan, Denine Edmonds, Cierra Johnson, and Robin McKinney (collectively, the "May Claimants") filed the May Lawsuit, in the Superior Court of the District of Columbia, naming CDDI as a defendant. On April 7, 2023, the May Claimants filed a Second Amended Complaint, which is the current operative pleading in the May Lawsuit.

In the May Lawsuit, the May Claimants allege that CDDI (among others) was negligent with respect to the design and engineering services provided in connection with the construction of the condominium building constructed at the Project (the "Building"). Specifically, the May Claimants allege that they purchased condominium units in the Building, and immediately upon moving into the units they experienced serious structural issues with the units.

The May Claimants allege that CDDI provided less than competent supervision, testing, and analysis, thereby endangering the structural foundation of the residences in the Building. They specifically allege that CDDI failed to properly conduct soil, water, and subsurface investigation; analyze the results of the same; and supervise the soil compaction process. They allege that this includes, without limitation, properly testing the soils for their suitability as fill material and not testing that the soils were properly compacted, all of which allowed for structures to be constructed on improperly compacted soils. Moreover, the May Claimants allege that CDDI's

************************ Our toll-free number is 800-842-8496 *************************
If possible, please send future communications and documents concerning this claim via email to MJWARREN@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

Marwan F. Mustafa
September 11, 2023
Page 4

breaches and failure to address and remediate its negligent acts and omissions resulted in physical damage to the elements of the Building.

In the Second Amended Complaint in the May Lawsuit, the plaintiffs assert against CDDI causes of action for negligence and breach of contract.

## II. THE POLICY

Travelers issued the Policy – a Travelers 1st Choice Design Professionals Liability Policy No. 106720790 – to the Named Insureds Capitol Development Design, Inc. and CDDI, LLC with a **Policy Period** effective April 19, 2020 to April 19, 2021. When applicable, the Policy's limit of liability for "Professional Services" is $5,000,000 for each **Claim**, not to exceed $5,000,000 for all **Claims**, subject to a $20,000 deductible for each **Claim**, and a $60,000 deductible for all **Claims**. The deductible applies to **Damages** and **Defense Expenses**. The Policy's coverage limits are reduced by **Defense Expenses** incurred. The Policy has a Knowledge Date of April 19, 2017, but there is no Retroactive Date.

The Policy Coverage (Form DPL-1001 Ed. 11-08) and relevant definitions provide as follows:

> ### I.  INSURING AGREEMENT
>
> The Company will pay on behalf of the **Insured**, **Damages** and **Defense Expenses** for any **Claim** first made during the **Policy Period** that is caused by a **Wrongful Act** committed on or after any applicable Retroactive Date set forth in ITEM 5 of the Declarations, provided that no **Principal Insured** on the Knowledge Date set forth in ITEM 5 of the Declarations had any basis to believe that such **Wrongful Act** might reasonably be expected to be the basis of a **Claim**.
>
> \*\*\*
>
> ### IV.  DEFINITIONS
>
> Wherever appearing in this policy, the following words and phrases appearing in bold type will have the meanings set forth in section IV. DEFINITIONS:
>
> \*\*\*
>
> B.  ***Claim*** means:
>
> 1. a demand for money or services;
> 2. a civil proceeding commenced by service of a complaint or similar pleading; or
> 3. a written request to toll or waive a statute of limitations relating to a potential civil or administrative proceeding,
>
> against any **Insured** for a **Wrongful Act**.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **Our toll-free number is 800-842-8496** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
If possible, please send future communications and documents concerning this claim via email to MJWARREN@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

TRV 000108

Marwan F. Mustafa
September 11, 2023
Page 5

        A **Claim** will be deemed to be made on the earliest date such notice thereof is received by any **Principal Insured**.

***

E.   ***Damages*** means money which an **Insured** is legally obligated to pay as settlements, judgments and compensatory damages; punitive or exemplary damages if insurable under the applicable law most favorable to the insurability of punitive or exemplary damages; or prejudgment and postjudgment interest.

      ***Damages*** does not include the following:

    1.   Civil or criminal fines; sanctions; liquidated damages; payroll or other taxes; penalties; the multiplied portion of any multiplied damage award; equitable or injunctive relief; any return, withdrawal, restitution or reduction of professional fees, profits or other charges; or damages or types of relief deemed uninsurable under applicable law.

    2.   **Defense Expenses**.

F.   ***Defense Expenses*** means reasonable and necessary fees, costs and expenses, incurred by the Company, or by the Insured with the Company's written consent, that result directly from the investigation, defense, settlement or appeal of a specific Claim, provided that Defense Expenses do not include any payments made pursuant to section II. SUPPLEMENTARY PAYMENTS of the Professional Liability Coverage.

***

J.   ***Insured*** means any **Insured Person, Named Insured, Predecessor Firm, or Described Client.**

K.   ***Insured Person*** means any natural person who:

    1.   is the sole owner of, or is or was a partner in, the **Named Insured** or **Predecessor Firm**;
    2.   was or is a member of the board of managers, director, executive officer, or shareholder of the **Named Insured** or **Predecessor Firm**;
    3.   was or is an employee of the **Named Insured** or **Predecessor Firm**; or
    4.   was or is an **Independent Contractor**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **Our toll-free number is 800-842-8496** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
If possible, please send future communications and documents concerning this claim via email to MJWARREN@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

TRV 000109

Case 1:23-cv-03009-CRC   Document 79-3   Ex. Filed 09/19/25   Page 6 of 10
Def.'s Mot. to Stay, Ex. 3
Case No. 1:23-cv-03009

Marwan F. Mustafa
September 11, 2023
Page 6

    provided that such person is acting within the scope of their duties on behalf of the **Named Insured** or **Predecessor Firm**.

L.    *Named Insured* means the person or entity set forth in ITEM 1 of the Declarations.

***

P.    *Policy Period* means the period from the Inception Date to the Expiration Date set forth in ITEM 2 of the Declarations. In no event will the Policy Period continue past the effective date this policy is cancelled or not renewed.

***

U.    *Principal Insured* means a member of the board of managers, director, executive officer, natural person partner, owner of a sole proprietorship, principal, risk manager, or in-house general counsel of the **Named Insured**.

***

X.    *Related Wrongful Acts* means **Wrongful Acts** which are logically or causally connected by reason of any fact, circumstance, situation, transaction, event, or decision.

    All **Related Wrongful Acts** are a single **Wrongful Act**, and all **Related Wrongful Acts** will be deemed to have been committed at the time the first of such **Related Wrongful Acts** was committed whether prior to or during the **Policy Period**.

***

Y.    *Wrongful Act* means any:

    1.    actual or alleged act, error, omission, or **Personal Injury Offense** in the rendering of, or failure to render, **Professional Services**;
    2.    **Network and Information Security Offense**; or
    3.    **Pollution Incident.**

    by any **Insured** or by any person or entity, including any joint venture, for whom the **Insured** is legally liable.

***

************************* **Our toll-free number is 800-842-8496** *************************
If possible, please send future communications and documents concerning this claim via email to MJWARREN@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

Case 1:23-cv-03009-CRC    Document 79-3    Ex. C    Filed 09/19/25    Page 7 of 10
Def.'s Mot. to Stay,
Case No. 1:23-cv-03009

Marwan F. Mustafa
September 11, 2023
Page 7

The Policy's Professional Liability Terms and Conditions Section includes the following terms regarding defense of **Claims** and Related Claims:

***

### III.   *CLAIM DEFENSE*

A. The Company has the right and duty to defend any **Claim** covered by this policy, even if the allegations are groundless, false or fraudulent, including the right to select defense counsel with respect to such **Claim**, provided that the Company is not obligated to defend or to continue to defend any **Claim** made after the applicable Professional Liability Coverage Limit is exhausted by payment of **Damages** and **Defense Expenses**.

B. The **Insured** will cooperate with the Company and, upon the Company's request:

  1. assist in the defense and settlement of **Claims**;

  2. assist in enforcing rights of contribution or indemnity against any person or entity which may be liable to the **Insured** because of a **Wrongful Act**; and

  3. attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses.

***

### IX.   *RELATED CLAIMS*

All **Claims** or **Potential Claims** for **Related Wrongful Acts** will be considered a single **Claim** or **Potential Claim**, whichever is applicable. All **Claims** or **Potential Claims** for **Related Wrongful Acts** will be deemed to have been made the date:

A. the first of such **Claims** for **Related Wrongful Acts** was made; or

B. the first notice of such **Potential Claim** for **Related Wrongful Acts** was received by the Company, whichever is earlier.

***

************************* **Our toll-free number is 800-842-8496** *************************
If possible, please send future communications and documents concerning this claim via email to MJWARREN@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

TRV 000111

Marwan F. Mustafa
September 11, 2023
Page 8

## III.    TRAVELERS' SUPPLEMENTAL RESERVATION OF RIGHTS

Based upon the Policy provisions referenced above, and other related policy provisions that may apply, Travelers continues to reserve, and does not waive, its rights to deny or otherwise limit coverage for the May Lawsuit and any related claims, as the Policy may not afford coverage for the reasons discussed below.

The Policy provides coverage, subject to all of its other terms and conditions, for **Claims** first made during the **Policy Period**. The Policy provides that a **Claim** will be deemed to be made on the earliest date such notice thereof is received by any **Principal Insured**. CDDI has provided Travelers with information indicating that the Arbitration was a **Claim** that was made in or before September 2016, when the Arbitration was initiated and CDDI executed the Arbitration Agreement. Moreover, the Arbitration, the Rivereast Lawsuit and the May Lawsuit are Related Claims, as they are **Claims** for the same **Wrongful Acts** or **Related Wrongful Acts**.[2] Further pursuant to the Policy's Related Claims section, the Arbitration, the Rivereast Lawsuit and the May Lawsuit are considered a single **Claim** and will be deemed to have been made the date the first of such **Claims** was made. So, they are deemed to have been made in or before September 2016, when the Arbitration was initiated. That is before the **Policy Period**, and before the **Policy Period** of any insurance policy Travelers issued to CDDI. In the absence of a **Claim** first made during the **Policy Period**, the Policy would not provide coverage for the May Lawsuit, and Travelers, therefore, reserves its rights to deny or otherwise limit coverage for the May Lawsuit, and any related claims, for that reason.

Also, the Policy provides coverage, subject to its other terms and conditions, only if, prior to the Policy's Knowledge Date, no **Principal Insured** had any basis to believe that a **Wrongful Act** might reasonably be expected to be the basis of a **Claim**. The Policy's Knowledge Date is April 19, 2017. In light of the Arbitration, the Arbitration Report, and other circumstances involved in the design of the Building, principals of CDDI may have had a basis to believe, prior to the Policy's April 19, 2017 Knowledge Date, that CDDI's conduct in connection with Project might reasonably be expected to be the basis of a **Claim**. As such, Travelers reserves its rights based on this reason as well.

Please also note that, pursuant to the Policy's **Damages** definition, **Damages** do not include penalties, the multiplied portion of any multiplied damage award, equitable or injunctive relief, or damages or types of relief deemed uninsurable under applicable law. Also punitive or exemplary damages constitute **Damages** only if insurable under the applicable law most favorable to the insurability of punitive or exemplary damages In the May Lawsuit, the May Claimants seek multiplied damages, punitive damages, and preliminary and permanent injunctive relief sufficient to permanently and completely correct and finance all structural unit defects

---

[2] The Arbitration, the Rivereast Lawsuit and the May Lawsuit were/are all based on or arose out of, among other things, CDDI's alleged failure to properly conduct soil, water, and subsurface investigation, analyze the results of the same, and supervise the soil compaction process in connection with the construction of modular retaining wall and the Building.

************************* Our toll-free number is 800-842-8496 **************************
If possible, please send future communications and documents concerning this claim via email to MJWARREN@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

Marwan F. Mustafa
September 11, 2023
Page 9

within a reasonable period of time. Moreover, the May Claimants also seek a court order requiring the defendants to make the Claimants whole by purchasing all of the condominiums from each Claimant at purchase or market value, whichever is greater, including all costs associated with temporary housing and relocation; and a full release of all covenants and obligations for repayment under the Home Purchase and Assistance Program ("HPAP") and opportunity to participate in the HPAP program as a prioritized first-time homebuyer and including monetary compensation and allowance for re-participation in the District's first-time homebuyer program without penalty or exception. Travelers reserves the right to disclaim or otherwise limit coverage for the relief requested in the May Lawsuit to the extent that it does not constitute **Damages**, as the Policy defines that term.

Pursuant to the Policy's Other Insurance clause, the Policy applies only as excess insurance over any other valid and collectible insurance available to any **Insured**, including any insurance under which there is a duty to defend, unless such insurance is written specifically excess of this Policy by reference in such other insurance to this Policy. Travelers has agreed, subject to a full reservation of rights, to continue to provide a defense to CDDI in connection with the May Lawsuit. However, Travelers continues to reserve all rights in connection with the above-referenced Other Insurance provision. Should any other insurer provide coverage for the May Lawsuit, the Policy's coverage may apply as excess insurance over that coverage. Please advise if you are aware of any such other available insurance.

Travelers' position with respect to this matter is based upon the information provided to date. Travelers continues to reserve all rights and defenses available under the Policy and at law to deny coverage on any of the foregoing bases, and to deny coverage on any additional and alternative grounds, as other terms, conditions, provisions, exclusions and endorsements, as well as any statements, representations and warranties in connection with the Application. Further, Travelers continues to reserve the right to withdraw from the defense of the May Lawsuit, and to seek reimbursement from CDDI for all payments Travelers makes in connection with CDDI's defense in the May Lawsuit, in the event it is determined that Travelers has no obligation to defend in connection with the suit. Travelers further continues to reserve the right to seek a judicial declaration of the parties' rights and obligations under the Policy with respect to the May Lawsuit. Travelers also reserves the right to supplement its coverage position based upon any facts not presently in its possession.

CDDI may wish to consider consulting with its own counsel concerning this letter and the coverage issues relating to this matter, and with respect to any uncovered claims that are asserted. Please note that Travelers cannot pay for CDDI's attorneys' fees or costs relating to insurance coverage advice.

If you have any questions regarding the above, or you believe any of the factual information discussed in this letter is incorrect, please advise the undersigned in writing. Also, if you have additional information you believe is relevant to Travelers' coverage evaluation, please provide that information for Travelers' consideration.

************************** Our toll-free number is 800-842-8496 **************************
If possible, please send future communications and documents concerning this claim via email to MJWARREN@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

TRV 000113

Marwan F. Mustafa
September 11, 2023
Page 10


Sincerely,

*[signature: Marcia Warren]*

Marcia J. Warren
Senior Claim Executive
Travelers Casualty and Surety Company of America
(909) 612-3677
MJWARREN@travelers.com

cc: Laura S. Dodge – MOODY & ASSOCIATES, INC. (via email only)
     J. Scott Shannon, Esq. – LEE/SCHOEMAKER(via email only)

************************* Our toll-free number is 800-842-8496 *************************
If possible, please send future communications and documents concerning this claim via email to MJWARREN@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

TRV 000114