UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **CAPITOL DEVELOPMENT DESIGN, INC.**, *et al.*, <br><br> Defendants. | Case No. 23-cv-3009 (CRC) |

**OPINION AND ORDER**

Travelers Casualty and Surety Company of America ("Travelers") brought this action seeking a declaratory judgment that it has no duty to defend or indemnify its policyholder, Capitol Development Design, Inc. ("CDDI"), in an underlying lawsuit in District of Columbia Superior Court. That suit, which concerns allegations that CDDI, among others, was negligent in its work on a condominium complex in the District, is set for trial next June. CDDI moves for a stay of this case until that trial is complete. The crux of its argument for a stay is that the Court cannot assess Travelers' coverage obligations before a jury decides the facts at issue in the forthcoming trial. Disagreeing, and because CDDI does not otherwise satisfy the requirements for a stay, the Court will deny CDDI's motion.

**I.    Background**

In 2015, CDDI entered a contract to provide civil engineering services for a condominium project in Washington, D.C. ("the Project"). Compl. ¶ 28. A dispute later arose over who was responsible for the structural failure of a modular retaining wall that was part of the Project. Id. ¶ 29. CDDI agreed to enter a binding arbitration with, among others, the Project's prime contractor, Stanton View Development, LLC, to determine responsibility for the

failure.  Id. ¶ 30.  The arbitrator determined that multiple parties bore some responsibility and assigned CDDI 60% of the blame.  Id. ¶¶ 35–36.

Three years after the arbitration decision, Travelers issued a professional liability policy to CDDI with a policy period effective April 19, 2020, through April 19, 2021.  Id. ¶ 22.  The policy included a duty to defend and a duty to indemnify.  Id. ¶ 24(I).  It also contained a clause stating that all related wrongful acts "will be considered a single Claim or Potential Claim . . . [and] will be deemed to have been made the date the first of such Claims for Related Wrongful Acts was made; or the first notice of such Potential Claim for Related Wrongful Acts was received by the Company, whichever is earlier."  Id. ¶ 27.

In December 2022, plaintiffs in the aforementioned Superior Court case, Ladonna May, et al. v. Stanton View Dev., LLC, et al., Case No. 2021-CA-000266 B ("May Lawsuit"), were granted leave to amend their complaint and named CDDI as a defendant.  Id. ¶ 45.  The plaintiffs alleged that CDDI, among others, was negligent in its work on the condominiums and breached the contract under which it provided services for the Project (to which the plaintiffs claim they were third-party beneficiaries).  Id. ¶¶ 47, 53.  Among other allegations, the May Lawsuit plaintiffs claim that CDDI failed to address purported issues with the failed retaining wall.  Id. ¶ 52.  CDDI sought coverage under its policy with Travelers.

In October 2023, Travelers filed this coverage action, seeking a declaratory judgment that it has no duty to defend or indemnify CDDI in the May Lawsuit.  It contends that coverage is unavailable because the claims against CDDI in the May Lawsuit and those in the 2016 arbitration stem from "related wrongful acts"—*i.e.*, CDDI's alleged negligence in connection with the retaining wall failure—and therefore constitute a "single claim" that is deemed to have been made outside the policy's coverage period.  The May Lawsuit is set for a trial in June 2026.

See Pl's Mot. at 1.  Following the close of discovery in this case, CDDI filed the present motion to stay.  Travelers opposes.

## II. Legal Standards

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere."  Drug Reform Coordination Network, Inc. v. Grey House Publ'g, Inc., No. 14-cv-701 (APM), 2015 WL 13668667, at *1 (D.D.C. Aug. 5, 2015) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  The Court's discretion is "incident to its power to control its own docket."  Maine Lobstermen's Ass'n, Inc. v. Nat'l Marine Fisheries Serv., No. 21-cv-2509 (JEB), 2023 WL 7128474, at *2 (D.D.C. Oct. 30, 2023) (quoting Clinton v. Jones, 520 U.S. 681, 706 (1997)).  In exercising that discretion, courts must "weigh competing interests and maintain an even balance between the court's interests in the judicial economy and any possible hardship to the parties[.]"  Belize Soc. Dev. Ltd. v. Gov't of Belize, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (citations omitted).  The moving party "bears the burden of establishing its need."  Clinton, 520 U.S. at 708.  A stay order is warranted if "such need overrides the injury to the party being stayed."  Belize Soc. Dev., 668 F.3d at 732 (quoting Dellinger v. Mitchell, 442 F.2d 782, 787 (D.C. Cir. 1971)).

## III. Analysis

CDDI argues that a stay is warranted because the Court must examine the "true facts" regarding CDDI's liability to the May Lawsuit plaintiffs—which will be determined by the jury in the June trial—to determine whether Travelers has a duty to indemnify CDDI in this case.  Def.'s Mot. at 1.  But Travelers also seeks a declaration as to its duty to defend.  And in the District of Columbia, because "[t]he duty to defend is broader than the duty to indemnify," "[i]f there is no duty to defend, there is no duty to indemnify."  Tolson v. The Hartford Fin. Servs.

3

Grp., Inc., 278 F. Supp. 3d 27, 33 (D.D.C. 2017) (quoting Carlyle Inv. Mgt., LLC v. Ace Am. Ins. Co., 131 A.3d 886, 896 (D.C. 2016)). CDDI offers no controlling authority that indicates otherwise, citing only to one case from the District of Oregon. See Def.'s Reply at 3 (citing Clarendon Nat. Ins. Co. v. Am. States Ins. Co., 688 F. Supp. 2d 1186 (D. Or. 2010)).

Therefore, if the Court can determine that Travelers has no duty to defend CDDI in the May Lawsuit, it can necessarily decide that there is no duty to indemnify without considering CDDI's ultimate liability. And CDDI itself acknowledges that the "duty to defend analysis can be made based on the *allegations*" in the relevant actions "alone." Def's Reply at 1 (emphasis added); see also Pl.'s Opp'n at 7–8 (collecting cases); Carlyle Inv. Mgt., LLC, 131 A.3d at 896 ("If the allegations of the complaint state a cause of action within the coverage of the policy[,] the insurance company must defend." (citation omitted)). As a result, the Court need not wait for the trial in the May Lawsuit to assess Travelers' duty to defend. And should it decide there is none based on the allegations, there would be no duty to indemnify either. Travelers' claims are therefore ripe for this Court's review.[1]

The ripeness of the claims foretells the stay analysis: no stay is warranted here. CDDI rests its argument for a stay almost entirely on the danger of ruling on unripe claims. See, e.g., Def.'s Reply at 4 ("Any attempt to decide the true facts of the May Lawsuit in this case risks redundant costs and significant prejudice to CDDI."). As Travelers notes, CDDI does not even mention the stay factors in its opening brief. See Pl.'s Opp'n at 1. And CDDI's other arguments

---

[1] The Court notes that, should it decide that there is a duty to defend during summary judgment, a stay would likely be warranted at that point because whether there is a duty to indemnify would then depend on the facts determined at trial. See, e.g., Rockhill Ins. Co. v. Hoffman-Madison Waterfront, LLC, No. 18-cv-2104 (ABJ), 2020 WL 13612610, at *3 (D.D.C. July 14, 2020).

in its reply brief are thin.[2]  While there is a potential for piecemeal litigation should the Court decide that Travelers does have a duty to defend, it is not clear to the Court that CDDI would be harmed by clarifying the scope of coverage now rather than later.  And CDDI does not point to any concrete harm in its papers.  It therefore has not borne it burden to justify a stay.  See Ctr. for Biological Diversity v. Ross, 419 F. Supp. 3d 16, 20 (D.D.C. 2019) (citation omitted) ("[I]f there is even a fair possibility that the stay . . . will work damage to some one else, the movant must make out a clear case of hardship or inequity in being required to go forward.").

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [79] Defendant's Motion for a Stay of Proceedings Pending Resolution of the May Lawsuit is hereby DENIED.  It is further

**ORDERED** that the Parties shall, by December 1, 2025, jointly propose a briefing schedule for summary judgment.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date: November 24, 2025

---

[2] Some are not relevant at all, such as the likelihood of Travelers' success on the potential merits of the summary judgment motion.  See Def's Reply at 6–12; Pl.'s Opp'n at 12–14.